No. 2,368.

JOHN C. BLACK, RESPONDENT, *v.* FRANCISCO GALINDO, APPELLANT.

TITLE TO LANDS IN THE TOWN OF SANTA CLARA.—ACT OF CONGRESS OF MARCH 1ST, 1867.—A person claiming title to land in the town of Santa Clara, which, by virtue of the authority conferred by the Act of Congress of March 1st, 1867, "to quiet title to lands in the towns of Santa Clara and Petaluma," had been conveyed by the Trustees of the town to another person who was in possession of the premises at the time of the passage of the Act, must show that the grantee entered or held the possession by his license or in subordination to his title.

APPEAL from the District Court of the Third District, Santa Clara County

Action to quiet title. Judgment was for plaintiff. Defendant moved for a new trial which was denied, and from the judgment and the order denying a new trial, this appeal is taken.

The other facts are stated in the opinion.

*Thomas A. Brown,* for Appellant.

*Frs. E. Spencer,* for Respondent.

CROCKETT, J., delivered the opinion of the Court, TEMPLE, J., RHODES, C. J., and WALLACE, J., concurring:

The premises in controversy are situate in the town of Santa Clara, and are included within certain public lands which were granted by the Act of Congress of March 1st, 1867, (14 U. S. Stats. at Large, p. 418), to the corporate authorities of said town, in trust, that they would convey the same to the person or persons in the *bona fide* occupancy thereof at the time of the passage of the Act. In virtue of the authority conferred by this Act, the Trustees of the town in July, 1867, conveyed said premises to one Concepcion Alviso de Valencia, then an unmarried woman residing upon said premises, who was formerly the wife of Julio Valencia, but who had been divorced from him in the year 1856. The plaintiff deraigns title under this conveyance, and was in the actual possession of the premises at the commencement

of the action.   The defendant claims under one Augustin
Alviso, to whose rights he has succeeded; and he assails the
plaintiff's title on the alleged ground that on the 1st of
March, 1867, the said Augustin Alviso was in the *bona fide*
occupancy of said premises through the said Julio and Con-
cepcion Valencia and his tenants, and that the said Augus-
tin was, therefore, entitled to the benefits of said Act of
Congress, and that the application of the said Concepcion,
in her own right, to the Trustees for a deed was a fraud upon
the rights of said Augustin.   He therefore claims that the
plaintiff, who has succeeded to the rights of said Concep-
cion, should be decreed to be a Trustee, holding the legal
title for the benefit of the defendant.   He also claims that
the deed from the Trustees to said Concepcion is void, for
the reason, first, that it was not made in accordance with
the ordinance passed by the corporate authorities in that
behalf; second, because the said Concepcion was not in the
*bona fide* occupancy of said premises in her own right on the
1st of March, 1867, and therefore was not entitled to said
conveyance.   It is clear, however, that unless Augustin Al-
viso, by himself or his tenants, was in the *bona fide* occu-
pancy of said premises on March 1st, 1867, and was for that
reason entitled to a conveyance from the Trustees, it does
not concern the defendant whether or not Concepcion was
entitled to said conveyance, or whether the deed from the
Trustees to her was void or not.   If Alviso was not entitled
to said conveyance, he had no title, either legal or equita-
ble, to said premises, and the defendant has none.   The
material point in the case, therefore, is whether or not, on
the 1st of March, 1867, Alviso had such a possession of the
premises as entitled him to a deed from the Trustees.   We
must assume in support of the judgment, that the Court
below found that he had not such possession, and was, there-
fore, not entitled to a conveyance from the Trustees.   If
there was a substantial conflict in the testimony on this
point, we should not disturb the finding.   It is not pretend-
ed that Alviso, in person, occupied said premises on the 1st
of March, 1867; but it is claimed that in 1866 he made a

written lease of them to Julio Valencia, the former husband of Concepcion, and that said Julio and Concepcion occupied under this lease, and held the possession by the license of Alviso, and in subordination to his title. But considering the testimony in the light most favorable to the defendant, there is at least a substantial conflict in it as to whether Concepcion occupied the premises in her own right or in subordination to the title of Alviso. She was not then the wife of Julio Valencia, and was not party to the lease. The proof shows that after the death of her stepmother, in 1865, she went into the actual occupation of the premises, and was in the actual possession at the date of the lease to her former husband, and the weight of the evidence is to the effect that the latter did not reside upon the premises at any time after the year 1865. I think the defendant has failed to establish that Concepcion originally entered, or at any time held the possession by the license of Alviso, or in subordination to his title, and he has failed to show, by satisfactory proofs that Alviso, by his tenants or otherwise, occupied said premises on the 1st of March, 1867.

Judgment affirmed.

SPRAGUE, J., expressed no opinion.